JENNINGS and others *v.* LOWENSTINE and others.

(*Circuit Court, S. D. New York.* May 17, 1887.)

PATENTS FOR INVENTIONS — PROCESS FOR SHAPING LACE MITTS — PATENTABLE NOVELTY.
> The claim relating to a process for shaping lace mitts contained in letters patent granted November 9, 1880, to Warren P. Jennings, for a mitt-shaping machine, is wanting in patentable novelty by reason of the prior known state of the art, and a bill to restrain infringement of said claim will be dismissed.

In Equity.
*Arthur v. Briesen,* for plaintiff.
*W. A. Jenner,* for defendant.

WHEELER, J.   This suit is brought upon letters patent No. 234,286, dated November 9, 1880, and granted to Warren P. Jennings for a mitt-shaping machine, the process of shaping lace mitts, and the mitts as shaped.   There is no charge that the defendants infringe as to the machine.   The case turns principally upon the claim as to the process. That consists in first stretching the mitts lengthwise, and thereby contracting them at the desired point, and in then subjecting them, first to the direct action of steam, and next to heat, for the purpose of setting the fibers to the desired form.   From the evidence in the case it clearly appears that similar articles were shaped by stretching them over forms, enlarging them where they were too small, and contracting them where they were too large, and then exposing them, first to steam, and then to heat, according to the method of the patent, for the purpose of setting the fibers in the desired form.   The patent is for contracting the mitts where contraction is desired, without mentioning enlargement.   This contraction is precisely according to the old process.   The only difference between the processes is that by the old process the articles were first made too small for the large parts, as well as too large for the small parts, and then correspondingly enlarged and contracted; while by the process of the patent the articles are first made large enough for the large parts, and shaped only by contraction where they are too large.   The treatment of the parts operated upon is precisely the same in each. This is all that this claim of the patent assumes to cover.   The machine has new contrivances for holding the ends of the mitts, but they are not covered by this claim.   The patentee invented means of applying the process, rather than the process, and this claim, upon this consideration, must fail for want of novelty to support it.   The claim for the mitts themselves rests wholly upon their being contracted laterally between their ends, without reducing the number of meshes at their contracted parts.   There does not appear to be any patentable novelty about this.
    Let a decree be entered dismissing the bill of complaint, with costs.